UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                              )
                                    )
    BARBARA L. YOUNG                )    CASE NO. 17-31800(1)(7)
                                    )
                        Debtor      )

## MEMORANDUM-OPINION

This matter is before the Court following an evidentiary hearing on the Motion for Leave to File a Late Claim filed by Jason Geary ("Geary") and the Objection of the Chapter 7 Trustee, Robert W. Keats ("Trustee") for the Estate of Debtor Barbara Young ("Debtor") to Proof of Claim No. 7 filed by Geary. For the following reasons, the Court will enter the attached Order **GRANTING, IN PART**, Geary's Motion for Leave to File a Late Claim and **SUSTAINING, IN PART**, the Trustee's Objection to Geary's Proof of Claim.

## FACTUAL BACKGROUND

On May 31, 2017, Debtor filed her Chapter 7 Petition. The Petition listed a commercial building located at 3321 Woodlawn Drive, Louisville, Kentucky 40216 ("the Property") on Schedule A/B as property in which Debtor had an interest. Debtor indicated the Property was to be surrendered due to judgment liens, tax liens and MSD liens filed against the Property.

The Trustee filed a Motion to Sell the Property on July 25, 2017 and an Order granting that Motion was entered on August 17, 2017.

On October 11, 2017, Geary filed a Motion for Leave to File a Late Proof of Claim claiming he had a contract to purchase the Property with the Debtor but received no notice of the bankruptcy.

Geary attached a handwritten document that he claimed was a Purchase Contract signed by him and the Debtor which stated:

> I Jason Geary (Pastor) of Eagles Landing World Outreach agree to purchase property at 3321 Woodland Dr. for 40,000.00 plus MSD Fees approx. $4000.00 additional All Back taxes to be paid By seller Barbara Young
> Buyer X Jason Geary /s/
> Seller X Barbary Young /s/   Payments Terms 5000.00 Down Dec. 27th 2012 at Least 1000.00 a month starting Feb. 1, 2013

See Dkt. 48, Ex. 3.

On October 27, 2017, the Trustee filed an Objection to Geary's Motion contending that after he hired a realtor to advertise and sell the Property, Geary claimed he owned the Property and had made all payments under the Purchase Contract with Debtor. The Trustee, however, contends Geary did not make all payments required under the contract and was therefore in default.

On November 14, 2017, the Court entered an Order confirming the sale of the Property to Geary for $75,100.00. Thus, Geary ended up purchasing the real estate from the Debtor's estate and now seeks a return of the funds he paid under the pre-petition contract (Exhibit 3).

On April 10, 2018, the Court held an evidentiary hearing on Geary's Motion to Allow the Late Filing of Proof of Claim, No. 7 and the Trustee's Objection to the Allowance of Geary's Proof of Claim No. 7.

## **LEGAL ANALYSIS**

Geary's Proof of Claim in the sum of $64,026.63 is based upon the payments he made under the Purchase Contract he entered into with Debtor for the sale of the Property and, the cost of the improvements he made to the Property. Geary claims he "paid $31,000, including real estate taxes" owed on the Property and that he spent $33,026.63 to improve the Property. The alleged contract

-2-

between Geary and Debtor required Geary to pay "$40,000 plus MSD fees, approximately $4,000 additional," by paying $5,000 as a down payment and "at least $1,000 a month starting February 1, 2013."

The evidence presented at the hearing established that Geary took possession of the Property in the beginning of 2012. Geary introduced evidence that he paid the $5,000 down payment on December 26, 2012 and the first monthly payment of $1,000 in February 2013. Thereafter, Geary paid $1,000 in March, $875 in April, and $500 each in May, July, August, September, October and November. He also made a $1,000 payment in December, for a total of $10,875 in 2013. Even if the Court were to find that the writing memorializing the purchase, which was written by Geary himself, constitutes a valid Purchase Contract, Geary defaulted under the terms of the Contract by not paying at least $1,000 per month pursuant to the terms of the Contract.

The evidence further shows that in 2014, Geary paid $1,000 per month in February, March, April, May, June, July, August and September, for a cumulative total of $18,875. The pattern indicated by the 2013 and 2014 payments establishes a default by Geary under the terms of the Contract. Geary did not tender evidence that he paid the "MSD fees of approximately $4,000" or that he paid any of the $1,000 payments timely throughout the time of the Contract.

Geary presented evidence at trial that in June 2013 he began making improvements to the Property which totaled $32,922.34. Geary also maintained exclusive possession of the Property until the Trustee sold the Property in April of this year.

Geary also contends he paid $1,650.21 for the 2010 taxes on the Property, $884.54 for the 2011 taxes, $567.83 for the 2012 taxes and $464.29 for the 2013 taxes. The tax liability was the responsibility of the Debtor.

-3-

The Trustee contends that the situation presented is similar to a contract for deed, whereby the seller retains legal title to the property while the purchaser makes installment payments until he pays the full agreed upon contract price. In the event of default by the purchaser, the purchaser forfeits all payments made and has no right of redemption. Under Kentucky law, however, the buyer no longer forfeits his entire interest upon default. *See*, *In re Jones*, 186 B.R. 71 (Bankr. W.D. Ky. 1995), citing *Sebastian v. Floyd*, 585 S.W.2d 381, 383 (Ky. 1979).

Following the hearing, Geary filed a Supplemental Brief contending that under *Sebastian v. Floyd*, 585 S.W.2d 381 (Ky. 1979), when an installment land contract is used as a means of financing the purchase, the seller's interest, bear legal title, is treated as a lien on the property to secure payment. Upon default, the seller shall seek a judicial sale and the forfeiture clause under the contract would not be enforced. Thus, Geary contends "the Trustee shall receive the balance due on the Contract, plus expenses, and Geary should receive everything above that."

The Court does not find the case at bar similar to the case submitted in *Sebastian v. Floyd*. The Purchase Contract at issue here did not contain a forfeiture clause and Geary clearly did not comply with the terms of the Purchase Contract and was in default. Furthermore, the Trustee properly sought and obtained an Order of this Court allowing for the judicial sale of the Property. Geary was the successful bidder at that sale at an amount of $75,100. Legal title in the Property did not pass to Geary before the Debtor filed bankruptcy.

The Court believes that it is equitable to allow Geary to file a Proof of Claim for the payments he made to Debtor under the sales contract that totaled $18,875. Also, Geary has a claim for the taxes paid on the Property in the amount of $3,566.87. However, Geary was under no

obligation, nor was the Debtor obligated to pay Geary or reimburse Geary for any improvements made to the Property.

It is clear that Geary did not receive notice of the Debtor's bankruptcy prior to the bar date. It was not until the Trustee engaged a realtor who listed the Property for sale, that Geary was made aware of the bankruptcy. Additionally, the Debtor did not schedule Geary as a creditor on her Petition. Accordingly, the Court will grant Geary's Motion to File a Late Proof of Claim for an unsecured claim in the amount of $22,441.87 for payments made to purchase the Property and for the real estate taxes paid on behalf of the Debtor.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT, IN PART**, the Motion for Leave to File a Late Claim of Jason Geary and **SUSTAIN, IN PART**, the Trustee's Objection to Proof of Claim No. 7.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
BARBARA L. YOUNG ) CASE NO. 17-31800(1)(7)
)
Debtor )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** the Motion for Leave to File a Late Claim of Jason Geary is **GRANTED, IN PART**, and the Objection of the Chapter 7 Trustee Robert W. Keats to the Proof of Claim No. 7 of Jason Geary, be and hereby is, **SUSTAINED, IN PART**, in accordance with the terms of the accompanying Memorandum-Opinion.